UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Dickey's Barbecue Restaurants, Inc., <br>     *Plaintiff,* <br><br> v. <br><br> GEM Investment Group, L.L.C., James Slopak and Cheryl L. Porter-Slopak, <br>     *Defendants.* | § <br> § <br> § <br> § <br> §     CIVIL ACTION NO. _____ <br> § <br> § <br> § |

## PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR INJUNCTIVE RELIEF

Dickey's Barbecue Restaurants, Inc. files this Original Complaint and Application for Injunctive Relief, and shows the Court as follows.

### I. Parties

1. Plaintiff, Dickey's Barbecue Restaurants, Inc. (Dickey's Barbecue), is a corporation incorporated under the laws of the State of Texas.

2. Defendant, GEM Investment Group, L.L.C., is a Washington limited liability company who may be served with process through its registered agent, Jan Gossing, at the following address:

> JAN GOSSING
> 8620A 172nd Street NE
> Arlington, Washington 98223.

3. Defendant, James Slopak, an individual, who is a citizen of the State of Washington, may be served with process at 3603 320th Street East, Eatonville, Washington 98328.

4. Defendant, Cheryl L. Porter-Slopak, an individual, who is a citizen of the State of Washington, may be served with process at 3603 320th Street East, Eatonville, Washington 98328.

## II. Jurisdiction and Venue

5. This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6. Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Texas. Venue is also proper in the Northern District of Texas pursuant to the agreement among the parties to the contract at issue.

## III. Conditions Precedent

7. All conditions precedent have been performed or have occurred as required by the contract.

## IV. Facts

8. On January 29, 2011, James Slopak and Cheryl L. Porter-Slopak executed a written Franchise Agreement with Dickey's Barbecue Restaurants, Inc. On March 21, 2011, the members of GEM Investment Group, L.L.C. executed an assumption agreement for GEM Investment Group, L.L.C. to become the Original Franchisee under the January 29, 2011 Franchise Agreement. James Slopak and Cheryl L. Porter-Slopak were not released from their obligations under the original Franchise Agreement.

9. The Franchise Agreement states that Plaintiff would provide site selection assistance, design plans, an initial training program, advice concerning equipment and opening inventory selection, on-site opening supervision, advertisement and promotion assistance, operating manuals and software, training materials, and lists of suppliers and vendors.

10. In exchange for Plaintiff's assistance in opening and operating a restaurant, Defendants agreed to pay Plaintiff an initial franchise fee, monthly royalties, and agreed to own and operate a Dickey's Barbecue Pit in McKenna, Washington until January 29, 2031.

11. The Franchise Agreement at issue also includes a non-compete provision. Defendants agreed that they would not divert or attempt to divert any business or customer of the franchised business to any competitor or operate any business which is the same as or similar to the franchised business, <u>including any food business which offers barbecue-style food as a primary menu item</u>.

12. Additionally, Defendants agreed that for a period of two years after the termination of the Franchise Agreement, Defendants would not attempt to divert any business or customer of the franchised business to any competitor or operate any food business which offers barbecue-style food located within a five (5) mile radius of the location accepted in the Franchise Agreement. On May 24, 2011, the parties executed a modification to the Franchise Agreement for the acceptance of 35119 State Route 507 South, McKenna, Washington 98558 as the confirmed location for the Dickey's Barbecue Pit.

## V. Breach of Contract

13. Plaintiff has performed its obligations to date pursuant to the terms of the Franchise Agreement. Defendants, however, have not performed their contractual obligations. Plaintiff assisted Defendants in obtaining a location for the Dickey's Barbecue Pit. Additionally, Defendants James Slopak and Cheryl L. Porter-Slopak attended the training conducted in Collin County, Texas at Plaintiff's training facility. Defendants had access to Plaintiff's training procedures, manuals, recipes, and methods of operation. All of this information is Plaintiff's

proprietary material and shared only with Plaintiff's franchisees for the purposes of operating a Dickey's Barbecue Pit.

14. Defendants refuse to open a Dickey's Barbecue Pit and have announced their intention to open Jim Bob's Chuck Wagon in the location previously selected for the Dickey's Barbecue Pit. Defendants' nonperformance constitutes a breach of the parties' agreement.

## VI. Damages

15. As a direct and proximate result of Defendants' breach, Plaintiff suffered the following damages:

   a. Liquidated damages pursuant to the terms of the Franchise Agreement in the amount of $762,300.00; and

   b. Attorney's fees incurred in pursuit of Plaintiff's claims against Defendants.

## VII. Fraud

16. Defendants represented to Plaintiff that they intended to open a Dickey's Barbecue Pit, as evidenced by their signatures to the Franchise Agreement at issue. Based on Defendants assertion that they intended to open a Dickey's Barbecue Pit in McKenna, Washington, Plaintiff scheduled Defendants for its training session held in Collin County, Texas. After attending the vast majority of Plaintiff's training session and acquiring Plaintiff's proprietary documents and methods, Defendants refused to open a Dickey's Barbecue Pit. Additionally, Defendants are intentionally violating the non-compete clause in the Franchise Agreement by opening another restaurant in the accepted location and serving barbecue-style food as a primary menu item.

17. Based on Defendants materially false representations to Plaintiff, Plaintiff provided Defendants with its proprietary information, including recipes, food preparation

methods, and methods of operations. At the time Defendants made the representation that they would operate a Dickey's Barbecue Pit, Defendants knew the representation was false and/or made recklessly and without knowledge of its truth. Plaintiff provided its proprietary material to Defendants and Defendants failed and refused to open a Dickey's Barbecue Pit, therefore inhibiting Plaintiff from collecting its royalties.

## VIII. Exemplary Damages

18. Plaintiff is seeking exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003(a)(1).

## IX. Request for Preliminary Injunction

19. Plaintiff will suffer irreparable harm if Defendants are not enjoined during the pendency of this lawsuit from operating Jim Bob's Chuck Wagon in McKenna, Washington. Defendants' menu for Jim Bob's Chuck Wagon includes several barbecue-style food items which will likely divert business and customers away from Plaintiff's nearby franchisees. Additionally, Defendants specifically agreed that they would not serve barbecue-style food items within at least a five (5) mile radius of the location for the proposed Dickey's Barbecue Pit. Defendants are opening a new restaurant serving barbecue-style food in the same location as the Dickey's Barbecue Pit was planned.

20. There is a substantial likelihood that Plaintiff will prevail on the merits because Defendants specifically agreed that they would not sell barbecue-style food for a period of two (2) years after the termination of the Franchise Agreement or during the term of the Franchise Agreement. Defendants have materially breached the Franchise Agreement by attempting to open Jim Bob's Chuck Wagon in the location selected for the Dickey's Barbecue Pit. Additionally, Defendants attending Plaintiff's training and received Plaintiff's proprietary

information, including recipes and food preparation methods. There is a substantial likelihood that Defendants will use Plaintiff's proprietary information to operate Jim Bob's Chuck Wagon.

21. The harm faced by Plaintiff outweighs the harm that would be sustained by the Defendants if the preliminary injunction were granted. If Defendants are allowed to operate Jim Bob's Chuck Wagon, Plaintiff will be materially harmed through the substantial likelihood of the unauthorized use of Plaintiff's proprietary information.

22. Issuance of a preliminary injunction would not adversely affect public interest and public policy because the Courts have an interest in upholding the contractual agreements among parties.

23. Plaintiff is willing to post a bond in the amount the Court deems appropriate.

24. Plaintiff asks the Court to set its application for preliminary injunction for hearing at the earliest possible time and, after hearing the request, issue a preliminary injunction against Defendants.

## X. Request for Permanent Injunction

25. Plaintiff asks the court to set its application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against Defendants.

## XI. Attorney Fees

26. As a result of Defendants' breach, Plaintiff retained counsel and seeks reimbursement for its reasonable attorney fees, as authorized by Article 17 of the Franchise Agreement.

## XII. Prayer

27. WHEREFORE, Plaintiff Dickey's Barbecue Restaurants, Inc. respectfully requests a judgment be entered against Defendant James Slopak and Defendant Cheryl L. Porter-Slopak for the following:

   a. $762,300.00 for damages resulting from Defendants' breach of the Franchise Agreement;

   b. Temporary and Permanent Injunction entered against Defendants preventing Defendants from operating Jim Bob's Chuck Wagon;

   c. Reasonable attorney's fees;

   d. Prejudgment and Post-Judgment Interest

   e. Costs of suit; and

   f. All other relief the Court deems appropriate.

Respectfully submitted,

JAMES D. STANTON **(Attorney in Charge)**
State Bar No. 19053260
e-mail: jstanton@jstantonlaw.com
TIFFANY R. SERBOUSEK
State Bar No. 24058776
e-mail: tserbousek@jstantonlaw.com

THE LAW OFFICES OF JAMES STANTON. L.P.
Turtle Creek Centre, Suite 770
3811 Turtle Creek Boulevard
Dallas, Texas 75219
Telephone:   (214) 559-3232
Facsimile:   (214) 559-0777

ATTORNEYS FOR PLAINTIFF
DICKEY'S BARBECUE RESTAURANTS, INC.